# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY
## CIVIL DIVISION

| | |
|---|---|
| KENNETH HINTON<br>4139 PEPPERTREE LANE<br>SILVER SPRING, MD 20906<br><br>*Plaintiff,*<br><br>*vs.*<br><br>MCT FEDERAL CREDIT UNION<br>15901 FREDRICK ROAD<br>DERWOOD, MD 20855<br><br>*Defendant.*<br><br>**SERVE:**<br>**THOMAS BECK, PRESIDENT/CEO**<br>**15901 Fredrick Road**<br>**Derwood, MD 20855** | COMPLAINT FOR:<br>CIVIL CONSPIRACY TO DEFRAUD, UNFAIR AND DECEPTIVE TRADE PRACTICES, FRAUDULENT MISREPRESENTATIONS, CIVIL CONSPIRACY, MARYLAND CONSUMER PROTECTION ACT, BREACH OF DUTY, BREACH OF GOOD FAITH AND FAIR DEALING, BAD FAITH, BREACH OF CONTRACT, NEGLIGENCE, VIOLATION OF REGULATION E & THE ELECTRONIC TRANSFER ACT<br><br>Case No: _____<br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

NOW COMES, the Plaintiff, Kenneth Hinton, pro se, who hereby submits this Civil Complaint against the named the Defendant, MCT Federal Credit Union ("MCTFCU")for violation of Regulation E, Electronic Funds Transfer Act, fraudulent misrepresentations, breach of contract, breach of duty, breach of agreement, bad faith, negligence, unfair deceptive trade practices, breach of the Maryland Consumer Protections Act and other unconscionable illicit acts and captioned causes of actions against the named Defendant(s) ("MCTFCU").

## PARTIES

1. Plaintiff, Kenneth Hinton ("Plaintiff") is a citizen and domiciled in Montgomery County, Silver Spring, MD

2. Defendant, MCTFCU ("Defendant") is a credit union headquartered at 15901 Fredrick Road, Derwood, MD 20855.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 1-501,et seq.; 4-402, et seq. 3-401 through 3-415, et seq. in that this is a civil action within the original jurisdiction of the Court and the amount in controversy is within its jurisdictional threshold.

4.     Venue is proper in this Court pursuant to Md. Code Ann., State Gov't § 10-623., because Defendants conducts business in the State of Maryland, Montgomery County, and because a substantial part of the events or omissions giving rise to the claim occurred within the State of Maryland.

5.     The Court has personal jurisdiction due to the acts and practices of Defendant alleged in this Complaint have been in or affecting the Plaintiff who has suffered irreparable harm and injuries as a proximate result of the Defendants breach of Regulation E, deceptive trade practices, deceit, fraud, false misrepresentations, bad faith, negligence, gross negligence, breach of care/duty/trust, etc. and therefore has created numerous cause of actions herein within the State of Maryland. Whereas, the EFT is not a perfect system; therefore the Plaintiff was diligent in reviewing his EFT statements for possible errors with any other type of transaction. The Plaintiff in this instant action noticed that there had been an error in an electronic fund transfer relating to his MCTFCU Visa Credit Card Account and took the requisite steps as mentioned below:

WHEREAS, Under the Act the Customer must:

Write or call the financial institution immediately if possible

- Defendant *must* be no later than 60 days from the date of erroneous statement
- Give name and account number
- Explain why you believe there is an error, the type, dollar amount and date
- May be required to send details of error in writing within 10 business days

WHEREAS, Under the Act the Financial Institution must:

- Promptly investigate the error and resolve it within 45 days
- Errors involving new accounts (opened last 30 days), POS transactions, and foreign transactions may take up to 90 days
- If takes 10 business days to complete investigation:
   o Defendant *must* recredit the amount in question

- For new accounts may take up to 20 business days to recredit the account
- Defendant *must* notify customer of the results of investigation:
    - If there was error – correct it or make recredit final
    - If no error – explanation in writing, notify customer of deducted recredit
- Customer has the right to ask for copies of any documents relied on in the investigation

## **DEFENDANTS COURSE OF CONDUCT & FACTUAL ALLEGATIONS & NATURE OF THE CASE**

6. Plaintiff brings this civil action as described in the paragraphs set forth herein. This complaint challenges the failure of Defendant to comply with the Maryland Consumer Protection Act, Regulation E and the Electronic Funds Transfer Act regarding several unauthorized charges to Plaintiff's MCTFCU Visa Credit Card account number 4030 7600 7105 0038 for which Defendant has capriciously closed without due process.

7. Plaintiff a customer of Defendant ("MCTFCU") on or about February 16, 2011 notified Defendant via first class mail regarding unauthorized charges to his MCTFCU Visa Platinum Credit Card account number 4030 7600 7105 0038.

8. Plaintiff was well within the sixty day guideline for filing a claim regarding unauthorized credit card charges to his MCTFCU Visa Platinum Credit Card account number 4030 7600 7105 0038 and files this lawsuit because the Defendant did not Process Plaintiff's claim within 90 day timeline required by Regulation E.

9. Defendant did not provide the Plaintiff with any written communication regarding the claim concerning the unauthorized credit card charges to his MCTFCU Visa Credit Card account number 4030 7600 7105 0038.

10. Defendant failed to promptly complete an investigation of the Plaintiff's claim within the 90 day time limit required by §205.11(c)(3)(ii)(B) concerning the unauthorized credit card charges to his MCTFCU Visa Platinum Credit Card account number 4030 7600 7105 0038.

11. Defendant failed to provide the Plaintiff with the written explanation required under §205.11(d) concerning the unauthorized credit card charges to his MCTFCU Visa Platinum Credit Card account number 4030 7600 7105 0038.

12. Defendant a credit union/bank failed to comply with Regulation E concerning the unauthorized credit card charges to his MCTFCU Visa Platinum Credit Card account number 4030 7600 7105 003812.

13. Defendant a credit union/bank is liable to Plaintiff for damages over and above the amount of the claim in accordance to the Electronic Fund Transfer Act concerning the unauthorized credit card charges to his MCTFCU Visa Platinum Credit Card account number 4030 7600 7105 003812 and the closing of Plaintiff's MCTFCU Visa Platinum Credit Card account that was disputed with unauthorized credit card charges without just cause or for reissuing another credit card for Plaintiff's use on his credit line with MCTFCU.

14. Plaintiff seeks reimbursement for the transactions, redress for unreasonable delay pursuant to Regulation E, the closing of his credit card account without just cause or due process in accordance to Regulation E, and for Defendant to provide a letter apologizing for the delay and restoring his MCTFCU Visa Platinum Credit Card Account, accordingly.

15. WHEREFORE, Plaintiff seek judgment against the Defendant on All Count(s) to follow herein in the full amount of their actual, exemplary and punitive damages and in an amount to serve as a deterrent to the Defendant, and to be proven at trial, plus pre and post judgment interest, costs, attorney fees, and all such further relief as this court deems just, due and proper, accordingly.

**COUNT I: CIVIL CONSPIRACY TO DEFRAUD**

16. Plaintiff incorporate the allegations contained in paragraphs 1 through 15 above as if fully set forth herein.

17. As a direct and proximate result of the conduct of the Defendant's Civil Conspiracy to Defraud, Plaintiff has suffered injury and damages.

18. The inactions of the Defendant were committed willfully, wantonly, deliberately, intentionally and, with reckless disregard for the rights of the Plaintiff as guaranteed by society and law justifying an award of not only actual and compensatory damages, but also exemplary, punitive damages to serve as a deterrent to the Defendant and others.

## COUNT II: UNFAIR AND DECEPTIVE TRADE PRACTICES

19.     Plaintiff incorporate the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20.     At all times present hereto a faction and scheme existed and participated in by all defendants for promise of financial gains and or goods and services.

21.     The inactions of the Defendant were committed willfully, wantonly, deliberately, intentionally and, with reckless disregard for the rights of the Plaintiff as guaranteed by society and law justifying an award of not only actual and compensatory damages, but also exemplary, punitive damages to serve as a deterrent to the Defendant and others.

22.     As a direct and proximate result of all Defendant's actions, Plaintiff has suffered great economic and financial loses including monies paid to lawyers and time from work and continue to suffer losses as a result of the Defendant's malfeasances by way of felonious faction and scheme to defraud the Plaintiff out of his credit, money and property as stated above regarding Plaintiff's MCTFCU Visa Platinum Credit Card.

## COUNT III: FRAUDULENT INTENTIONAL MISREPRESENTATIONS & NEGLIGENCE

23.     Plaintiff realleges and reincorporates paragraphs 1 through 22 herein above as if set forth more fully herein below.

24.     As set forth above and at all times relevant thereto, Defendant at all times relevant hereto, knowingly, intentionally, and fraudulently mislead and concealed necessary, material information from Plaintiff for the Defendants own economic gain and greed.

25.     Defendant materially misrepresented material information as plead above as to the Plaintiff with full knowledge by of the Defendant that their affirmative representations were

false, fraudulent, and misleading of the truth at the time these representations were made.

26. Under the circumstances and in light of what amounts to at best, "gross negligence and material omissions", material misrepresentations and furtherance and continuance of said misrepresentations by the Defendant, was and is offensive to the best interest of the public and is egregious and which did, cause severe loss and economic harm to the Plaintiff.

27. Upon practice, information and belief, Defendant made knowingly false misrepresentations about Plaintiff' MCTFCU Visa Platinum Credit Card being investigated for the unauthorized charges.

28. Plaintiff is not banking professional and reasonably relied upon the representations of Defendant.

29. As a direct and proximate cause of said Defendant's reckless, misleading actions, material omissions and material misrepresentations, Plaintiff have suffered damages and continue to suffer damages.

30. Plaintiff is entitled to seek all just and due relief based on the fraudulent conduct of the Defendant.

### COUNT IV: CIVIL CONSPIRACY

31. Plaintiff realleges and reincorporate paragraphs 1 through 30 herein above as if set forth more fully herein below.

32. As set forth above, Defendants engaged in overt acts in and of furtherance of the conspiracy and to set the conspiracy in motion and or have engaged in acts in furtherance of the conspiracy to accomplish its ends which actions have resulted in damages to the Plaintiff, including, the threat of a foreclosure action closing his MCTFCU Visa Platinum Credit Card

6

account when in fact, no right lawfully exist due to Plaintiff never rescinding his MCTFCU credit card application as stated above.

33. The actions of the Defendant were interrelated as a direct and proximate result of the actions and a course of conduct of the Defendant, which was planned, through the commission of several overt acts in furtherance of the conspiracy to defraud the Plaintiff. The Plaintiff has suffered damages due to Defendant's faction and agreed to scheme between and among themselves to engage in the furtherance of the conspiracy.

34. As a direct and proximate result of the actions of the Defendant's in combination resulting in civil conspiracy to defraud, Plaintiff has suffered damages.

## COUNT V:
## VIOLATION OF THE MARYLAND CONSUMER PROTECTIONS ACT SECTION 13-301, et seq.

35. Plaintiff reaffirm and realleges paragraphs 1 through 34 herein above as if set forth more fully herein below.

36. Plaintiff hereby demands the entry of Final Judgment in his favor for this Count V an all other counts of this complaint in favor of the entry of Judgment for statutory damages, actual damages, punitive damages, enhanced damages and attorney fees to be assed at trial and all or any other further relief which is deemed by these courts as just, due and proper.

## COUNT VI
## VIOLATION OF REGULATION E & ELECTRONIC TRANSFER ACT

37. Plaintiff realleges and reincorporate paragraphs 1 through 36 herein above as if set forth more fully herein below.

38. Plaintiff demand the entry of Final Judgment in his favor for this Count VI, a Judgment in the amount of actual damages and enhanced damages, interest, costs and attorney's fees and all other relief this court may deem just, due and proper and to be determined at trial of

these facts.

## COUNT VII: BREACH OF DUTY, CARE & TRUST

39. Plaintiff reaffirm and realleges paragraphs 1 through 38 hereinabove as if set forth more fully herein below.

40. Plaintiff demands the entry of Count VII, a Final Judgment in her favor for compensatory damages, punitive damages, interest, any attorney fees which may be awarded and assessed at trial, and all or any other further relief which is deemed by these courts as just, due and proper.

## COUNT VIII: BREACH OF GOOD FAITH AND FAIR DEALING

41. Plaintiff reaffirm and realleges paragraphs 1 through 40 herein above as if set forth more fully herein below.

42. Plaintiff demands the entry of Count VIII, a Final Judgment in his favor for compensatory damages, punitive damages, interest, any attorney fees which may be awarded and assessed at trial, and all or any other further relief which is deemed by these courts as just, due and proper.

## COUNT IX: MENTAL ANUGISH, EMOTIONAL DISTRESS AND PSYCHOLOGICAL TRAUMA RESULTING IN PTSD

43. Plaintiff reaffirm and realleges paragraphs 1 through 42 herein above as if set forth more fully herein below.

44. Plaintiff demands the entry of Count IX, a Final Judgment in his favor for compensatory damages, punitive damages, interest, any attorney fees which may be awarded and assessed at trial, and all or any other further relief which is deemed by these courts as just, due and proper.

## X: RELIEF SOUGHT

45. WHEREFORE, having set forth the above-described legally sufficient causes of actions against the Defendants, Plaintiff prays for the entry of Final Judgment against the Defendants jointly and severally for damages in the amount of **$100,000.00** *(one hundred thousand dollars)* and such other amounts to be proven at trial; for punitive damages; for pre-judgment interest; for costs and attorneys' fees; that the Court find any other and further relief which is just, due and proper.

## DEMAND FOR JURY TRIAL

46. Plaintiff demand trial by jury of all matters so triable as a matter of right Dated this 20th day of October, 2011.

Respectfully submitted,

*[signature]*
KENNETH HINTON, Plaintiff, Pro se
4139 PEPPERTREE LANE
SILVER SPRING, MD 20906
(Ph): 571-228-4424

FILED
LORETTA E. KNIGHT
CLERK'S OFFICE
MONTGOMERY CO. MD
2011 OCT 26 AM 7:49